**PERKINS COIE LLP**
Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone:  +1.602.351.8000
JCabou@perkinscoie.com
MCasselman@perkinscoie.com
DocketPHX@perkinscoie.com

Jonathan P. Hawley (WA#56297)*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
JHawley@perkinscoie.com
*Pro Hac Vice Forthcoming

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| St. Herman's Table et al., | No. CV-26-03882-PHX-KML |
|---|---|
| Plaintiffs, | |
| v. | **INDEX OF EXHIBITS** |
| City of Phoenix, | |
| Defendant. | |

The City of Phoenix submits the below exhibit index in support of its response in opposition to Plaintiffs' Emergency Application for a Temporary Restraining Order and Motion for Preliminary Injunction.

| Exhibit No. | Description |
|---|---|
| 1 | Declaration of Phoenix City Councilwoman Debra Stark in Support of Defendant's Opposition to Plaintiffs' Emergency Application for a Temporary Restraining Order and Motion for Preliminary Injunction |
| 1-A | Photographs of food-distribution event at Cave Creek Park (March 2025) |

| Exhibit No. | Description |
|---|---|
| 1-B | Photographs following food-distribution event at Cave Creek Park (August 2024) |
| 2 | Declaration of Martin Whitfield in Support of Defendant's Opposition to Plaintiffs' Emergency Application for a Temporary Restraining Order and Motion for Preliminary Injunction |
| 2-A | Photographs from food-distribution event at Cave Creek Park |
| 2-B | PowerPoint presentation from City Council meeting (May 6, 2026) |
| 3 | Declaration of Jean-Jacques Cabou Regarding Use of Generative Artificial Intelligence |

# Exhibit 1

# Councilwoman Debra Stark Declaration

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| St. Herman's Table, an Arizona nonprofit corporation; and Lance Brace,<br><br>              Plaintiffs,<br><br>     v.<br><br>City of Phoenix,<br><br>              Defendant. | No. CV-26-03882-PHX-KML<br><br>**DECLARATION OF PHOENIX CITY COUNCILWOMAN DEBRA STARK IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION** |

I, Debra Stark, declare as follows:

1.      I am over the age of 18, have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

2.      I have worked in public service my entire adult life.  I first worked for the City of Phoenix as a city planner many years ago.  I hold a master's degree in planning from Arizona State University.  And, among other jobs, I previously served for seven years as the Planning and Development Director of the City of Phoenix.

3.      I was appointed to the Phoenix City Council in 2016.  And I was elected to the Council in 2017, 2020 and 2024.  I represent Council District 3, which contains a

number of parks, including Cave Creek Park and Norton Park.

4.    I am deeply involved in and familiar with the challenges facing the parks in my District and in the City as a whole.

5.    I am aware of St. Herman's Table and its leader, Mr. Brace.

6.    For several years now, I have received regular complaints from constituents about the deleterious impacts on our parks, and on neighborhoods around our parks, caused by well-intentioned food distribution events, like those run by St. Herman's Table.

7.    Parks in my District have been among the most frequently used for food distribution events, both by Mr. Brace and by other well-meaning groups and individuals.

8.    Unhoused residents of District 3 are among my constituents.  And residents who live in homes around our parks are my constituents.

9.    Among my goals for my District is to ensure that our parks can be shared by all users, housed and unhoused. But no residents' uses of the parks should be allowed to monopolize the parks or to leave the parks in such a condition that subsequent users encounter unsanitary, unsafe, unwelcoming conditions.

10.    Prior to adopting Ordinance G-7514, the City lacked a specific, effective tool to regulate and manage the growing competition in our parks, and especially certain parks in my District, between food distribution events and other, more traditional park uses, like children's play, youth sports, adult recreation, and family outings.

11.    Prior to adopting the Ordinance, I received regular complaints about food distribution events in Cave Creek Park.  For example, in March 2025 I received complaints and numerous photographs of a food distribution event in that park.

    a.    These photographs of this March 2025 event are attached hereto as Exhibit A.

    b.    The first of these photographs depict large groups of people taking

-2-

over park amenities, parking lots, and other spaces.

    c. The second photograph depicts an attendee of the food distribution event sitting on the ground while smoking drugs openly.

12. Attached here as Exhibit B are copies sent to me by a constituent from the aftermath of a food distribution event at Cave Creek Park in August 2024. Among other unsafe, unsanitary, and unwelcoming conditions shown in these photos are:

    a. A discarded box with a "sharps" container for biohazardous waste

    b. A discarded, dirty bag of clothing

    c. A large group of event attendees and volunteers taking over park amenities and parking space

13. My District also includes Norton Park, another park where food distribution events have frequently occurred. In March 2026, one such event took place on the same night in Norton Park as a scheduled "Movies in the Park" event. On the evening of that event, while setting up for the event, leaders of the movie event asked the organizers of the feeding event to please relocate because of the scheduled Movies in the Park event. Feeding organizers refused and a conflict ensued. Ultimately, the feeding event happened, left trash and debris behind, and organizers of the Movies in the Park event and their community members were forced to clean up that detritus before the Movie event could occur.

14. That is unfair and it is one of many examples why the City needs an ordinance to regulate and manage the conflict caused between food distribution events and other uses.

///

///

///

-3-

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 6th day of June 2026.

By: _____

Signed by:

0424FC7787794C2...
Debra Stark

-4-

# Exhibit 1-A

# Councilwoman Debra Stark Declaration





# Exhibit 1-B

# Councilwoman Debra Stark Declaration





