



**PROVIDENT LAW**

Christopher J. Charles, SBN 023148
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For E-Service and Court Use Only: fileclerk@providentlawyers.com

Ann-Marie White René*
Virginia Bar License No. 91166
Center for Law & Religious Freedom
8001 Braddock Road, Ste 302
Springfield, VA 22151
Office: 703-642-1070, Ext: 404
Email: Arene@clsnet.org
*Admitted *Pro Hac Vice*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| St. Herman's Table, an Arizona nonprofit corporation; and Lance,<br><br>     Plaintiffs,<br><br>vs.<br><br>City of Phoenix,<br><br>     Defendant. | Case No. 2:26-cv-03882<br><br>**PARTIES' JOINT STATEMENT** |

   Pursuant to the Court's Order entered on June 10, 2026, the Parties have conferred regarding the Court's directive that they discuss their positions on consolidating preliminary

injunction briefing with the merits of the case and to propose a briefing schedule for such. (Doc. No. 18.) The Parties have been unable to reach a resolution regarding the Court's Order. The Parties therefore submit their respective positions herein.

### Plaintiffs' Statement

It is the Plaintiffs' understanding that the Defendant will not agree to *unconditionally* extend the TRO through preliminary injunction briefing.  Accordingly, the Plaintiffs request that the Court extend the TRO until the Court can rule on the Plaintiffs' Motion for Preliminary Injunction.

Further, the Plaintiffs agree with the Court that only legal questions are at issue and that the record is more than sufficient for the Court to rule on the merits. The Plaintiffs therefore request that the Court consolidate preliminary injunction briefing with the merits of their Counts I and II.

And, because the Defendant will not agree to unconditionally extend the TRO until resolution of the Motion for a Preliminary Injunction, the Plaintiffs request that the Court schedule briefing on the Motion for a Preliminary Injunction to conclude before the expiration of the TRO on June 24th. The Plaintiff's Motion for a Preliminary Injunction is initially fully briefed. Therefore, the Plaintiffs propose that the Defendant be granted a further opportunity to respond to the Motion no later than Monday, June 22. The Plaintiffs propose that they be given until Tuesday, June 23 to file a reply. The Plaintiffs respectfully request that the Court

hold a hearing, if necessary, no later than June 24th, so that the Court can rule as soon as possible on the Motion for a Preliminary Injunction and any permanent relief.[1]

### **Defendant's Statement**

Defendant City of Phoenix (the "City") shares the Court's desire to efficiently bring this case to final judgment. As the City has made clear, first in writing and then again in its discussions with Plaintiffs' counsel, it is also willing to extend the operative TRO—and thus ensure the Ordinance is not enforced against Plaintiffs—as part of a schedule that accomplishes that goal in a reasonable amount of time. The only "conditions" the City has placed on extending the TRO are a fair opportunity to defend itself and a path to resolve this case *in its entirety*. The City proposes such a path below.

***Extension of TRO***: To streamline resolution of this case and avoid burdening the Court with unnecessarily expedited motions practice, the City will consent to extending the TRO's duration while the parties brief and the Court resolves Plaintiffs' motion for preliminary injunction ("PI Motion") as outlined below. In doing so, the City does not waive or concede any argument.

***Amended Rules***: Prior to the issuance of the TRO, the City had begun the process of updating its rules and procedures regarding the issuance of permits under the Ordinance (the "Amended Rules"). Those Amended Rules will impact the issues before the Court and might

---

[1] Should the Plaintiffs be granted permanent relief on any of their counts prior to the full adjudication of all of the Plaintiffs' claims, the Plaintiffs intend to consider whether voluntary dismissal of any remaining counts is appropriate.

even moot certain claims and obviate the need for further judicial intervention. As the City has explained to Plaintiffs (including last week in an email exchange and this morning in a video conference), it would therefore be most efficient for the City to complete that process before further briefing on the PI Motion. The City is willing to commit to finalizing the Amended Rules swiftly and by a date certain—and to agree that the TRO may remain in place in the meantime and that Plaintiffs may submit further briefing on their PI Motion—to avoid any prejudice to Plaintiffs.[2]

*Factual Record*: The City respectfully disagrees that "only legal questions appear to be at issue," Dkt. 18 at 9, as it has identified unresolved factual conclusions and assumptions that would benefit from a more fully developed record. The City therefore intends to submit additional evidence with its opposition to Plaintiffs' PI Motion before the Court rules on that motion—and certainly before the Court rules on the ultimate merits. This case was filed only thirteen days ago. Plaintiffs' motion for a TRO was briefed on an expedited schedule, which provided the City only three days to prepare its response (including supporting evidence), *see* Dkt. 8, and no hearing was held. The City therefore requests, before the PI Motion is resolved,

---

[2] In addition to promoting judicial economy, the City believes it should be afforded an opportunity to amend its rules before the PI Motion moves forward given that the City is not merely willing but actively working to remedy certain issues raised in Plaintiffs' Complaint. "[O]ur society and jurisprudence have always stressed the value of voluntary efforts to further the objectives of the law," with "[j]udicial intervention [as] a last resort." *Regents of Univ. of Cal. v. Bakke*, 438 U.S. 265, 364 (1978) (Brennan, J., concurring in part).

4

that it be permitted to (1) supplement the factual record, (2) further brief the relevant legal issues based on that updated record, and (3) present its positions at a hearing before the Court.

As to the need for an evidentiary hearing at which live testimony might be presented, the City submits that it is premature to resolve this issue. The City will endeavor to avoid the need for an evidentiary hearing, but it cannot definitively determine whether such a hearing is necessary until the briefing and written record on the PI Motion are closed.

***Consolidation with Merits***: The City agrees that consolidation of the hearing on the PI Motion with trial on the merits under Rule 65(a)(2) is appropriate, but only if the consolidated hearing addresses and resolves *all* claims. (In other words, the consolidated hearing should lead to a final judgment as to all claims in this case.) Plaintiffs' proposed approach above—a consolidated hearing that resolves only two of their six claims—would essentially bifurcate this case and require *two* separate trials on largely overlapping claims and issues. This approach would be inefficient, waste party and Court resources, and prejudice the City. There should be one trial in this case. The City is willing to have that trial now under Rule 65(a)(2), or it is willing to brief the PI Motion now and let the case otherwise proceed to trial on the merits in the ordinary course.[3]

---

[3] To be clear, if the Court adopts Plaintiffs' proposed schedule—under which briefing for the PI Motion *and* a hearing would be completed a mere nine days from now—then the City opposes consolidation with the merits. Neither the law nor the equities necessitate a rush to judgment in this case that would deprive the City of an opportunity to present a complete and accurate record and fully develop its legal arguments.

*Proposed Schedule*: Consistent with the considerations outlined above, the City proposes the following schedule to efficiently bring this matter to judgment while protecting the parties' substantive rights:

| Event | Deadline |
|---|---|
| City finalizes Amended Rules and provides copy to Plaintiffs | July 10, 2026 |
| Plaintiffs file consolidated PI Motion as to all claims they intend to pursue to final judgment, including any supplemental evidence[4] | July 24, 2026 |
| City responds to consolidated PI Motion, including any supplemental evidence[5] | August 7, 2026 |
| Plaintiffs file reply in support of consolidated PI Motion (no further evidence permitted)[6] | August 14, 2026 |
| Parties meet and confer and submit joint statement as to whether they believe evidentiary hearing is needed[7] | August 18, 2026 |
| Consolidated hearing on PI Motion and merits of all claims under Rule 65(a)(2) | As soon as practicable for Court on or after August 31, 2026 |
| Expiration of TRO | Upon issuance of Court's ruling on consolidated PI Motion |

---

[4] The City proposes a thirty-page limit for the consolidated PI Motion, exclusive of accompanying declarations and exhibits.

[5] The City proposes a thirty-page limit for its response, exclusive of accompanying declarations and exhibits.

[6] The City proposes a fifteen-page limit for the reply.

[7] The parties would explore during their meet and confer whether stipulated or unopposed statements of fact might be appropriate and obviate the need for an evidentiary hearing.

**DATED** this 15th day of June 2026.

PROVIDENT LAW®

Christopher J. Charles, Esq.

_Ann-Marie White René_

Ann-Marie White René, Esq.
*Pro Hac Vice**
Virginia Bar License No. 91166
Admitted *Pro Hac Vice*

By:/s/

**Perkins Coie LLP**
Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
JCabou@perkinscoie.com
MCasselman@perkinscoie.com

Jonathan P. Hawley (WA#56297) (*Pro Hac Vice*)
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
JHawley@perkinscoie.com
*Attorneys for Defendant*

**<u>Certificate of Service</u>**

I certify that on June 15, 2026, I filed this document via the Court's CM/ECF filing system which will serve the following individuals via electronic mail:

Jean-Jacques Cabou
Perkins Coie
2525 E. Camelback Road Suite 500
Phoenix, AZ 85016-4227
602.351.8003
jcabou@perkinscoie.com

Margo Casselman
Perkins Coie
2525 E. Camelback Road Suite 500
Phoenix, AZ 85016-4227
602.351.8159
MCasselman@perkinscoie.com

Johnathan Hawley
Perkins Coie
JHawley@perkinscoie.com

*Ann-Marie White René*

_____
Ann-Marie White René, Esq.
*Pro Hac Vice*