**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| St. Herman's Table, et al., | No. CV-26-03882-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| City of Phoenix, et al., | |
| Defendant. | |

This court recently granted St. Herman's Table, a ministry and nonprofit corporation, and Lance Brace, its founder, a fourteen-day temporary restraining order ("TRO") prohibiting the City of Phoenix ("Phoenix") from enforcing against them an ordinance requiring permits for food distribution to the public. (Doc. 18.) The court ordered the parties to confer and file a joint statement outlining their positions regarding consolidating plaintiffs' prospective preliminary injunction motion with the merits of the case and proposing a briefing schedule. (Doc. 18.) The parties did so. (Doc. 19.) Although they did not characterize their positions this way, they appear to agree on nearly every issue. (Doc. 19.)

The parties agree the TRO may be extended until the court rules on plaintiffs' upcoming motion for a preliminary injunction. (Doc. 19 at 2-3.) They also agree consolidation of the motion for a preliminary injunction and trial on the merits is appropriate to some degree. (Doc. 19 at 2, 4-5.) They disagree only on the extent of the consolidation, with plaintiffs seeking serial trials on Counts I and II then later Counts III –

VI (if those counts are not voluntarily dismissed), and a more expedited timeline as a result.

"[D]istrict courts enjoy a wide latitude of discretion in case management" that should be exercised consistent with "the courts' overriding obligation to construe and administer the procedural rules so as 'to secure the just, speedy, and inexpensive determination of every action and proceeding.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (quoting Fed. R. Civ. P. 1); *see also Murray v. Laborers Union Loc. No. 324*, 55 F.3d 1445, 1452 (9th Cir. 1995) ("District court judges must have ample discretion to control their dockets."). As explained by another court, "litigation of preliminary injunctions often causes undue duplication and waste of time and resources." *Dynaenergetics Eur. GmbH v. Hunting Titan, Inc.*, No. CV H-17-3784, 2021 WL 3022435, at *11 (S.D. Tex. July 15, 2021); *see also N. B. v. United States*, 552 F. Supp. 3d 387, 396 (E.D.N.Y. 2021) ("[A] separate trial on the merits would be a waste of time and resources."). Holding a consolidated preliminary injunction hearing and trial on some claims, followed by a second trial on other claims (if plaintiffs decide not to dismiss them), would be inefficient and conflict with the court's obligations under Rule 1. That is particularly true here given that (1) Phoenix consents to extending the TRO until all the issues are resolved, (2) the claims in Counts III – VI closely relate to those in Counts I and II, and (3) Phoenix's proposed schedule includes time for it to amend the ordinance's implementation rules, possibly "obviat[ing] the need for further judicial intervention" altogether. (Doc. 19 at 3-4.) In these circumstances, consolidating the preliminary injunction with a trial on the merits of all claims "will ultimately lead to a more expeditious resolution of the entire case and better serve the interests of justice." *Zorn v. U.S. Dep't of Just.*, No. CV H-22-2396, 2024 WL 718198, at *1 (S.D. Tex. Feb. 12, 2024).

The court therefore exercises its discretion to fully consolidate the preliminary injunction with a trial on the merits. Having made that choice, the court adopts Phoenix's briefing schedule to allow time for the city to amend its rules for implementing the ordinance. The following briefing schedule and page limits will apply to this case:

- 2 -

| Event | Deadline |
|---|---|
| City finalizes amended rules and provides copy to plaintiffs | **July 10, 2026** |
| Plaintiffs file consolidated motion for preliminary injunction as to all claims they intend to pursue to final judgment, including any supplemental evidence (no more than 30 pages) | **July 24, 2026** |
| City responds to consolidated motion, including any supplemental Evidence (no more than 30 pages) | **August 7, 2026** |
| Plaintiffs file reply in support of consolidated motion, with no further evidence (no more than 15 pages) | **August 14, 2026** |
| After meet-and-confer, parties submit joint statement as to whether they believe an evidentiary hearing is needed and why[1] | **August 18, 2026** |

The TRO is extended and will expire upon the court's ruling on the consolidated motion.

Accordingly,

**IT IS ORDERED** the temporary restraining order set to expire on June 24, 2026, is extended until the date the court issues its ruling on the consolidated preliminary injunction motion.

**IT IS FURTHER ORDERED** the parties shall comply with the deadlines and page limits set forth above.

Dated this 16th day of June, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

---

[1] The court will also independently evaluate whether an evidentiary hearing is needed and may exercise its discretion not to hold a hearing. The date for such a hearing if one is held will be after August 31, 2026, and will be set by further order.