**PERKINS COIE LLP**
Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
JCabou@perkinscoie.com
MCasselman@perkinscoie.com
DocketPHX@perkinscoie.com

Jonathan P. Hawley (WA#56297)*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
JHawley@perkinscoie.com
*Admitted Pro Hac Vice

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

Circle the City et al.,

Plaintiffs,

v.

City of Phoenix, a political subdivision of
the State of Arizona, et al.,

Defendants.

No. CV-26-04222-PHX-DJH

**DEFENDANTS' RESPONSE TO EXPEDITED MOTION TO TRANSFER**

Defendants (collectively, the "City") briefly respond to Plaintiffs' motion to transfer this case to the judge of this Court presently assigned to a separate case, *St. Herman's Table v. City of Phoenix*, No. CV-26-03882-PHX-KML (D. Ariz).

The City acknowledges that transfer of this case might yield certain efficiencies and defers to the Court's discretion as to whether those efficiencies warrant transfer.[*] The City files this response to highlight certain notable differences between the two cases and correct a fundamental misunderstanding underlying the transfer motion, one with significant implications for resolution of the free-speech claims in both cases.

Specifically, Plaintiffs here suggest "there is substantial overlap in the legal questions posed by both cases" because "[b]oth actions are fundamentally rooted in the First Amendment and challenge the Ordinance's restrictions on expressive activity in a traditional public forum." Expedited Mot. to Transfer 3. But the Ninth Circuit has made clear that "[w]hether food distribution can be expressive activity protected by the First Amendment under particular circumstances is a question to be decided in an as-applied challenge." *Santa Monica Food Not Bombs v. City of Santa Monica* ("*SMFNB*"), 450 F.3d 1022, 1032 (9th Cir. 2006). In other words, the two cases now pending before different judges of this Court, though both raising First Amendment claims, must be decided on their own "particular circumstances"—which are quite distinct.

For instance, while the *St. Herman's* plaintiffs focus exclusively on food distribution and do so under a rubric of religious expression, Plaintiffs here focus mainly on medical care (and only incidentally discuss food) under a secular rubric. Though Plaintiffs lump food and medical care together to claim that "[p]roviding food and essential medical care to the unhoused community is an inherently expressive activity," Compl. for Declaratory and Injunctive Relief ("Compl.") ¶ 84, this notion is divorced from

---

[*] Plaintiffs initially sought the City's position on transfer but filed their motion hours later before the City had the opportunity to respond.

the Ninth Circuit's *SMFNB* opinion and decades of First Amendment caselaw "reject[ing] the view that conduct can be labeled speech whenever the person engaging in the conduct intends thereby to express an idea" and limiting the universe of "inherently expressive" conduct, *Rumsfeld v. F. for Acad. & Institutional Rts., Inc.*, 547 U.S. 47, 65–66 (2006) (citation modified). Put differently, Plaintiffs here (like the *St. Herman's* plaintiffs) have additional hurdles to clear before the Court can conclude they are engaged in expressive activity—and, again, satisfaction of that requirement will hinge on the unique facts of each case.

Accordingly, while there might indeed be *some* legal and factual overlap between these two cases (for example, the First Amendment standard applied to permitting schemes and the City's interest and evidence justifying reasonable regulation of food-distribution and medical-treatment activities in its parks), any suggestion the free-speech claims will necessarily rise and fall together is mistaken. Instead, it is the "obligation" of both the *St. Herman's* plaintiffs and Plaintiffs here—*individually as to their particular circumstances*—"to demonstrate that the First Amendment even applies" to their "assertedly expressive conduct." *SMFNB*, 450 F.3d at 1032 (quoting *Clark v. Cmty. for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984)).

Additionally, the complaints in each case reveal minimal overlap in the actual claims asserted. Five of the six claims asserted in *St. Herman's* are not asserted in any form in this case. *See* Complaint ¶¶ 26–46, 67–116, *St. Herman's Table v. City of Phoenix*, No. CV-26-03882-PHX-KML (D. Ariz. June 2, 2026), ECF No. 1 (asserting following claims with no analogue in this case: "Free Exercise of Religion" (Count I), "Equal Access" (Count III), "Expressive Association" (Count IV), "Vagueness" (Count V), and "Violation of the Arizona Free Exercise of Religion Act" (Count VI)). Likewise, two of the three claims asserted here have no counterpart in *St. Herman's*. *See* Compl. ¶¶ 83–90, 104–14 (asserting following claims with no analogue in *St. Herman's*: free-speech claim

-2-

based on alleged "inherently expressive activity" (Count I) and "Violation of State Preemption Doctrine" (Count III)). Stated differently, there is only *one* overlapping claim between the cases, and as explained above, even that claim depends on highly individualized facts particular to each plaintiff.

Finally, the City respectfully requests that, should transfer be granted, the two cases be briefed and argued on similar but reasonably staggered timelines to afford the City a fair opportunity to defend itself as to all claims.

Dated:  June 26, 2026                        **PERKINS COIE LLP**


By: */s/ Jean-Jacques Cabou*
Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
JCabou@perkinscoie.com
MCasselman@perkinscoie.com

Jonathan P. Hawley (WA#56297)*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
JHawley@perkinscoie.com
*Admitted Pro Hac Vice

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

_s/ Indy LaFever_