**PERKINS COIE LLP**
Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
JCabou@perkinscoie.com
MCasselman@perkinscoie.com
DocketPHX@perkinscoie.com

Jonathan P. Hawley (WA#56297)*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
JHawley@perkinscoie.com
*Admitted Pro Hac Vice

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| St. Herman's Table et al., | No. CV-26-03882-PHX-KML |
| Plaintiffs, | |
| v. | **DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED AND LIMITED DISCOVERY** |
| City of Phoenix, | |
| Defendant. | |

## INTRODUCTION

Just two weeks ago, Plaintiffs "agree[d] with the Court that only legal questions are at issue and that the record is more than sufficient for the Court to rule on the merits." Parties' Joint Statement ("Joint Statement") 2, Dkt. 19. On this basis, Plaintiffs "request[ed] that the Court consolidate preliminary injunction briefing with the merits" and order briefing to close nine days later, on June 24. *Id.* Now, having failed to secure the rushed schedule they proposed, Plaintiffs claim they are "entitled" to conduct one-way written and deposition discovery before filing their consolidated preliminary-injunction motion. *See* Pls.' Mot. for Expedited & Limited Disc. ("Mot.") 2, Dkt. 21. But, as Plaintiffs observe, it is their burden to establish "good cause" for the requested discovery and show the requests are "narrowly tailored to their stated purpose." *Id.* Plaintiffs have not met this burden, and their Motion should be denied.

## LEGAL STANDARD

"To obtain expedited discovery, a party must demonstrate good cause," which "may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *J.P. Morgan Sec. LLC v. Chamberlain*, No. CV-22-01217-PHX-DWL, 2022 WL 4094151, at *2 (D. Ariz. Sept. 7, 2022) (citation modified). "The party seeking expedited discovery in advance of the Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." *Id.* (citation modified). In assessing good cause,

> factors courts may consider include: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

*Id.* (citation modified).

**ARGUMENT**

**I.    Plaintiffs represented to the Court that no further factual development was needed in this case.**

Plaintiffs themselves have all but admitted there is no good cause for discovery here. In a prior filing to this Court, they affirmatively stated the "only … questions … at issue" in this case are "*legal*" and that, as of June 15, the factual record was already "more than sufficient for the Court to rule on the merits" of their claims. Joint Statement 2 (emphasis added). During the parties' meet-and-confer process to prepare the Joint Statement, Plaintiffs' counsel similarly stated their belief that the factual record should be closed because only legal issues remain—a position they took *after* learning the City of Phoenix (the "City") planned to amend the rules for Ordinance G-7514 (the "Ordinance"), as ultimately reflected in the Joint Statement. *See id.* at 3–4. Plaintiffs' concession alone forecloses any finding of good cause for discovery. *See Profil Institut fur Stoffwechselforschung GbmH v. Profil Inst. for Clinical Rsch.*, No. 16cv2762-LAB (BLM), 2016 WL 7325466, at *3 (S.D. Cal. Dec. 16, 2016) (denying expedited discovery in part because plaintiff "admit[ted] that it d[id] not need the expedited discovery for its preliminary injunction motion").

Furthermore, the Motion does not offer any new circumstances or other justification for Plaintiffs' change in position. Plaintiffs claim "it has always been [their] position that no additional factual development was necessary so long as the consolidated Motion for a Preliminary Injunction was heard prior to the City's change in its rules and the permitting process." Mot. 4. But the Joint Statement nowhere expresses that position. And, in any event, Plaintiffs fail to explain how the City's forthcoming amended rules and procedures change the *legal* nature of the issues or otherwise necessitate discovery. (And they do not.) The amended rules themselves are, of course, relevant and will need to be added to the record. But analyzing the impact of those amended rules on the claims in this

case is a purely legal question for this Court; the rules are not a basis for fact discovery. Tellingly, although Plaintiffs claim the sole reason they suddenly need discovery is because of the amended rules, their Motion seeks discovery well beyond that scope. *See* Mot. 3 (requesting discovery about "the purpose and intent behind the Ordinance" and "meaning of the terms of the Ordinance" and *original* rules). As Plaintiffs have said all along, these are "legal questions" on which "the record is more than sufficient for the Court to rule." Joint Statement 2. The Motion should be denied for this reason alone.

**II.    Plaintiffs have not demonstrated good cause for expedited discovery.**

The Motion independently fails because it does not establish the requisite "good cause." In fact, several relevant factors—whether a preliminary injunction is pending, the purpose of the expedited discovery, and the breadth and burden associated with the requests, *see J.P. Morgan Sec.*, 2022 WL 4094151, at *2—weigh *against* Plaintiffs' requested discovery.

**Whether a Preliminary Injunction Is Pending.** Plaintiffs' consolidated preliminary-injunction motion is not "pending"; it is due to be filed on July 24, 2026. *See* Order 3, Dkt. 20. Any request for discovery in support of a hearing on that motion is therefore premature and should be made, if at all, after (1) the City promulgates amended rules and procedures and (2) Plaintiffs have filed their motion identifying which claims and elements are still at issue. Regardless, even if that motion had already been filed, "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction." *Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009). Rather, such discovery generally is warranted only where the specific request is "reasonable[] … in light of all the surrounding circumstances" based on "the entirety of the record to date." *Id.* at 1067 (citation modified). As explained below, Plaintiffs' proposed expedited discovery is not reasonable.

**Purpose for the Expedited Discovery.** "Expedited discovery has been ordered

where it would better enable the court to judge the parties' interests and respective chances for success on the merits at a preliminary injunction hearing," *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613 (D. Ariz. 2001) (citation modified), and here, Plaintiffs' requested discovery would not actually move the needle on their claims.

Plaintiffs' stated purpose for their discovery is to obtain "clarity about" "what facts and evidence lie behind [the amended rules and procedures] the City will announce July 10," including "the purpose, motive, scope, interpretation and criteria for enforcement of" those rules. Mot. 3–4. But those facts are immaterial to Plaintiffs' actual claims. Plaintiffs allege the Ordinance is unconstitutional "on its face" and "as applied" based on its text, the *terms* of the implementing rules, and Plaintiffs' own particular circumstances. *See* Complaint ("Compl.") ¶¶ 31–46, 56–66, 71–84, 88–95, 102–06, Dkt. 1. In resolving those claims, the City's "purpose" or "motive" for amending its administrative rules is irrelevant. It does not matter if, for example, the City intends to address issues raised by this lawsuit, make non-substantive clarifications, or update its procedures based on the first permitting cycle. The relevant questions are what the rules say and whether, as written, they pass constitutional muster. No discovery is needed to answer those questions, as the Court has already recognized. *See* Order 9, Dkt. 18 (noting that "only legal questions appear to be at issue"). Plaintiffs certainly have not met their burden to show that their proposed discovery, which seeks to broadly explore various topics unrelated to the amended rules and unmoored from the elements of their claims, is "narrowly tailored."

As a last-ditch play for relevance, Plaintiffs try to extend their expedited discovery to the Ordinance itself, claiming to need "clarity about … [w]hether there is evidence of City animus toward, or targeting of, the Plaintiffs or their religious exercise." Mot. 3. But while a record of animus *might* be relevant to a free-exercise claim, there are no allegations of any animus in *this* case. *See generally* Compl. (nowhere alleging or even suggesting

that City has acted with animus towards Plaintiffs or anyone else); *cf. Olympus Spa v. Armstrong*, 169 F.4th 817, 832 (9th Cir. 2026) (plaintiff included ultimately unfounded allegations of animus in operative pleading). That Plaintiffs intend to stray beyond the plausible bounds of their own Complaint confirms this exercise is merely a fishing expedition in search of new, not-yet-pleaded claims—and not a proper basis for expedited discovery.

**Burden and Breadth of the Expedited Discovery.** Setting aside the lack of a proper purpose, Plaintiffs' proposed discovery is also overbroad and would impose an undue burden on the City. Again, Plaintiffs concede their requests must be "narrowly tailored to their stated purpose" to establish good cause. Mot. 2. The proposed discovery is overbroad in at least the following respects:

- Given Plaintiffs' stated purpose for expedited discovery (to understand the forthcoming amended rules), their requests must be limited to information about those amended rules. Their proposed discovery on *other* topics—such as the Ordinance, the original rules, City documents that mention Plaintiffs, and general communications among the City Council regarding the Ordinance, *see id.* at 3 & Ex. 1—is not narrowly tailored.

- The timeframe of Plaintiffs' proposed requests for production ("Proposed RFPs")—either August 1, 2025, or December 1, 2025, to the present, *id.* Ex. 1, at 3–4—goes beyond any conceivable timeframe for the City's amendment process. At most, that process might span from May 2026 (when the original rules were published), to July 10, 2026 (the latest date the amended rules will issue).

- Plaintiffs' Proposed RFPs would require the City to conduct broad searches for "all" documents related to at least eight topics, some of which are incredibly broad and vague (for example, all documents that "discuss or mention the Ordinance as it pertains to food distribution"). *Id.* This is not narrowly tailored and

would impose a considerable burden on the City.

- Proposed RFP No. 3 seeks documents "to, from, or between *members of the Phoenix City Council*" on topics unrelated to the amended rules. *Id.* Ex. 1, at 4 (emphasis added). This RFP is invasive, overbroad, and not narrowly tailored. Complying with the request would impose a substantial burden, including because it would require the City to collect and carefully review nearly a year's worth of Councilmembers' data for materials protected by the attorney-client and potentially other applicable privileges.

- Proposed RFP No. 2 does not appear to be at all related, let alone narrowly tailored, to Plaintiffs' stated purpose for discovery. It seeks "all non-privileged documents" for nearly a year "that discuss or mention St. Herman's Table, Lance Brace, or any food distribution event at Cave Creek Park at Cactus." *Id.* Plaintiffs do not explain how this discovery relates to the forthcoming amended rules and procedures.

- Plaintiffs provide no limitations or parameters for their requested deposition of Parks and Recreation Director Martin Whitfield and vaguely seek to take additional depositions of "any other person who[m] responsive documents may indicate is pivotal to supporting the Plaintiffs' existing or additional causes of action." *Id.* at 3; *see also id.* Ex. 2. This is not narrowly tailored. The City should not be burdened with preparing City officials for wide-ranging, unlimited depositions in this matter, which Plaintiffs have already admitted raises purely legal issues.*

In sum, there is no good cause for expedited discovery in this matter, and certainly not for the broad document requests and depositions that Plaintiffs seek. In filing the Joint

---

* This list is not exhaustive, and the City reserves all objections should it be ordered to respond to Plaintiffs' Proposed RFPs.

Statement, the parties implicitly conceded no discovery was warranted, each proposing expedited case schedules *that did not contemplate discovery*. Nothing has changed since then, and this case should proceed as the Court ordered after carefully considering that Joint Statement: (1) The City will amend its rules; (2) the parties will fully brief any remaining request for a preliminary injunction; and (3) if, based on the briefing, there remains a need to present live evidence at a hearing, both parties will have an opportunity to request as much. *See* Order 3, Dkt. 20.

### III.    If expedited discovery is permitted, then it should be bilateral.

The City maintains that no discovery is appropriate. If, however, the Court permits Plaintiffs to take expedited discovery, then the City requests it be permitted to engage in reciprocal expedited discovery—including serving requests for production on Plaintiffs and deposing Mr. Brace and a Rule 30(b)(6) representative of St. Herman's Table. The City's discovery would focus on further developing and testing facts relevant to the elements of Plaintiffs' claims and the City's defenses. Topics would include, for example:

- The alleged "expressive" nature of Plaintiffs' activities, *see, e.g.*, *Santa Monica Food Not Bombs v. City of Santa Monica* ("*SMFNB*"), 450 F.3d 1022, 1032 (9th Cir. 2006) (explaining that "[w]hether food distribution can be expressive activity protected by the First Amendment under particular circumstances is a question to be decided in an as-applied challenge"); *Nordyke v. King*, 319 F.3d 1185, 1189 (9th Cir. 2003) ("In evaluating [whether expressive conduct is speech], we must ask whether an intent to convey a particularized message is present, and whether the likelihood is great that the message would be understood by those who viewed it." (citation modified));

- Plaintiffs' efforts to secure permits under the Ordinance, *see, e.g.*, *Occupy Tucson v. City of Tucson*, No. CV-11-699-TUC, 2012 WL 13027046, at *3–4 & n.3 (D. Ariz. May 4, 2012) (failing to seek permit under similar circumstances cut

against merits and issuance of preliminary relief); and

- Alternative ways in which Plaintiffs might exercise their religious or other desired activities, *see, e.g.*, *Olympus Spa*, 169 F.4th at 832 (concluding that "religious expression is only incidentally burdened" where challenged law "does not prohibit the [plaintiff] from expressing its religious beliefs"); *SMFNB*, 450 F.3d at 1037 (time, place, and manner restrictions are permissible where, among other requirements, they "leave open ample alternatives for communication").

If discovery is permitted, then fairness dictates that the City have an equal opportunity to develop these relevant facts.

Finally, to the extent the Court grants any discovery, the City respectfully notes modification of the existing briefing schedule might be needed. That schedule, which contemplates fully briefing the merits of this case in a mere two months, does not include time for discovery. *See* Order 3, Dkt. 20.

## CONCLUSION

Plaintiffs' Motion should be denied. Alternatively, if the Court is inclined to allow discovery, then that discovery should be bilateral, permitting the City a reasonable opportunity (and sufficient time before briefing) to conduct relevant, narrowly tailored discovery.

Dated:  July 1, 2026

**PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*
    Jean-Jacques Cabou (#022835)
    Margo R. Casselman (#034963)
    2525 E. Camelback Road, Suite 500
    Phoenix, Arizona 85016-4227
    JCabou@perkinscoie.com
    MCasselman@perkinscoie.com

    Jonathan P. Hawley (WA#56297)*
    1301 Second Avenue, Suite 4200
    Seattle, Washington 98101-3804
    JHawley@perkinscoie.com
    *Admitted Pro Hac Vice

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 1, 2026, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

_s/ Indy LaFever_