

**PROVIDENT LAW**

Christopher J. Charles, SBN 023148
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For E-Service and Court Use Only: fileclerk@providentlawyers.com

Ann-Marie White René*
Virginia Bar License No. 91166
Center for Law & Religious Freedom
8001 Braddock Road, Ste 302
Springfield, VA 22151
Office: 703-642-1070, Ext: 404
Email: Arene@clsnet.org
*Pro Hac Vice

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| St. Herman's Table, an Arizona nonprofit corporation; and Lance Brace, | Case No. 2:26-cv-03882 |
| Plaintiffs, | **PLAINTIFFS' REPLY IN SUPPPORT OF THEIR MOTION FOR EXPEDITED AND LIMITED DISCOVERY** |
| vs. | |
| City of Phoenix, | |
| Defendants. | |

Plaintiffs, St. Herman's Table and Lance Brace, submit this Reply in Support of their

Motion for Expedited and Limited Discovery.

## ARGUMENT

**I.    The City misrepresents the Plaintiffs' position regarding the factual record.**

The City of Phoenix (the "City") has grossly misstated the Plaintiffs' position to date in this case. As expressed in the Parties' Joint Statement to the Court, the Plaintiffs agreed with the Court that, *at that time*, the record was sufficient for the Court to adjudicate the merits of the Plaintiff's consolidated Motion for a Preliminary Injunction *before* the expiration of the Temporary Restraining Order on June 24th. Although the City informed the Plaintiffs that it intended to change its implementing rules for the Ordinance in an attempt to moot the Plaintiffs' claims (Doc. No. 19, at 4), the Plaintiffs never agreed that the factual record was sufficient for a ruling *after* a change in those rules and never waived their right to seek discovery related to the rules. Indeed—as explained herein—good cause exists for, and the interests of justice require, that the Plaintiffs be granted the opportunity to seek discovery about the City's change in its rules to determine how the new rules will affect the City's implementation of the Ordinance and whether the rule change(s) will indeed moot the Plaintiffs' claims, as the City so hopes. The City has mischaracterized the Plaintiffs' position in this case.

**II.    Good cause exists for, and the interests of justice require, that the Plaintiffs be allowed to seek discovery.**

In the Parties' June 15th Joint Statement to the Court, the City stated it was altering the factual record in this case on or before July 10th by changing the Ordinance's

2

implementing rules which may moot the Plaintiff's claims altogether.  (Doc. No. 19, at 4.) Despite the Plaintiffs contacting the City over two months ago about their religious objections to the Ordinance, the City has decided that *now*, after the filing of this suit and the issuance of a Temporary Restraining Order, that it will change the Ordinance's rules. However, a case is not moot if a challenged policy is "abandoned voluntarily and might reasonably recur." *United States v. Brandau*, 578 F.3d 1064, 1068 (9th Cir. 2009). A case *may* be mooted if the record shows (1) "with assurance that there is no reasonable expectation" that the alleged violation can recur, and (2) "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Id.* at 1068 (quoting *Smith v. Univ. of Wash.*, 233 F.3d 1188, 1194 (9th Cir. 2000)). "The 'heavy burden of persuading' a court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citation omitted)

Here, discovery is necessary to answer the glaring questions of: how the new rules will apply to religious organizations like St. Herman's; how the City now intends to interpret ambiguous terms in the Ordinance that the City evidently will not change ("humanitarian or charitable"; "friends," "general public"; etc.); whether the changed rules are permanent enough to render the Plaintiffs' First Amendment and Arizona Freedom of Religion Act ("FERA") claims moot; and, why the City is changing these rules now. Documents and depositions that go to the heart of any mootness defense are crucial to whether the Plaintiffs

3

may succeed on any of their claims.

As the City points out, good cause "may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *J.P. Morgan Sec. LLC v. Chamberlain*, No. CV-22-01217-PHX-DWL, 2022 WL 4094151, at *2 (D. Ariz. Sept. 7, 2022) (citation modified). Here, justice requires that the City not be allowed to unilaterally change the factual record in this case while preventing the Plaintiffs from asking any questions about those changes. Moreoever, nowhere in the City's response to the Plaintiffs' Motion does the City explain how they are prejudiced by the Plaintiffs' discovery requests. *See generally* Resp. in Opp. at 1-11. A party is not prejudiced by simply having to respond to a discovery request. *See, e.g. Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1048 (N.D. Cal. 2011) (analyzing whether requiring the production of unreleased technology products requested in an expedited discovery motion was prejudicial, not the burden of production). The City identifies no basis for any prejudice.

The City asks this Court to let it alter the factual record in this case without ever allowing the Plaintiffs to ask why or how those changes will be interpreted relative to the Plaintiffs. Good cause exists and the interests of justice are furthered by allowing the Plaintiffs

4

to learn more about the change in rules that the City avers are coming and by which the City hopes to moot the Plaintiffs' claims.[1]

### III.    The Plaintiffs' discovery requests are not overbroad or burdensome.

The Plaintiffs have put forth three narrow requests for production of documents, seeking documents only about the Ordinance and its rules as those relate to the Plaintiffs and food distribution, and dating back less than a year. *See* Doc. No. 13-2.[2] Although the City makes *relevancy* arguments as to the Plaintiffs' requests, the City does not identify with any specificity why the Plaintiffs' discovery requests are burdensome.

"In opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to

[1] The City also claims that the Plaintiffs' consolidated Motion for Preliminary Injunction is not "pending". Resp. in Opp. 3. This is incorrect. The Plaintiffs' Motion was filed with their Complaint, and the Court has extended the Temporary Restraining Order until the Court can rule upon the Plaintiffs' consolidated Motion. Doc. No. 20. The Plaintiffs' Motion for a Preliminary Injunction is therefore pending—i.e. awaiting a ruling—from this Court. *See United States v. Pacheco*, 977 F.3d 764, 767 (9th Cir. 2020) (examining the various legal definitions of "pending" and concluding that "pending is commonly used to indicate an ongoing process with an awaited or expected decision in the future.").

[2] Plaintiffs have utilized the August and December dates to narrow the search and production of their requests. Specifically, although the City Council approved the Ordinance as it relates to medical care on December 17, 2025, the City delayed implementation of the Ordinance and added food distribution to its prohibited activities for which a permit was required. *See* Doc. No. 13-2. Discovery may reveal that the City lacked any compelling government interest in discarded food and litter from food distribution events, as apparently it was not a not a problem in December when the City Council approved the original Ordinance. This issue is directly in contention.

provide sufficient detail in terms of time, money and procedure required to produce the requested documents." *Lee v. Cnty. of Los Angeles*, No. 2:23-CV-06875-GW-MAA, 2025 WL 2684029, at *14 (C.D. Cal. May 21, 2025). Here, the City provides no such details. The Plaintiffs presume that the City, just as any other entity, can quite simply ask its Information Technology Services Department[3] to search for terms such as "St. Herman's", "Brace", "Ordinance", and "food distribution" to easily locate relevant and responsive documents. The City provides no specific explanation for why doing this is burdensome in terms of time, money, or procedure. The City's arguments that the requested discovery is burdensome are conclusory and overblown.

As to the City's relevancy arguments, they too are meritless. The Plaintiffs' three requests for production of documents relate to the Ordinance's implementing rules, why these changes were made, whether the City Council or the Parks and Recreation Department were targeting Mr. Brace or St. Herman's Table, and why food distribution events were added to the Ordinance.[4] These are all issues directly relevant to First Amendment Free Exercise and FERA claims. Nonetheless, the City argues that the "while a record of animus *might* be relevant to a free-exercise claim, there are no allegations of any animus in *this* case." Resp. in Opp. 4. But of course, the Plaintiffs cannot plead animus without any evidence of such.

---

[3] *See* CITY OF PHOENIX, Information Technology Services, *available at* https://www.phoenix.gov/administration/departments/its.html (last visited July 6, 2026) (explaining that "[w]hen city employees need IT assistance, ITS serves as their one-stop shop, providing expert support through its Enterprise Service Desk and in-person services.").

[4] *See supra* note 2.

Which begs the question—why *now* is the City amending its' rules?  If the City Council or the Parks and Recreation Department requested the Ordinance's rules to be changed *because* of the Plaintiffs, this relates directly to the Plaintiff's present or future amended Complaint and any assertion by the City of mootness.

The City also claims that a single deposition of Parks and Recreation Director Martin Whitfield is burdensome and "not narrowly tailored" because the Plaintiffs provide "no limitations or parameters" on the deposition.  *Id*. at 6. But obviously, the Plaintiffs intend to depose Mr. Whitfield about the Ordinance, its ambiguous terms, implementing rules, the change in the rules, why those changes occurred, and whether those changes do, or do not, relate to the Plaintiffs.  Further, the Federal Rules of Civil Procedure, and its corresponding case law, place limitations on all depositions.  *See* Fed. R. Civ. P. 30.  A single deposition of the city official charged with implementing the Ordinance and overseeing its enforcement— and likely the primary author of the upcoming rule changes—is neither burdensome nor irrelevant. *See, e.g., Praecipio Consulting, LLC v. Howser*, No. 25-CV-02927-JST, 2025 WL 1084766, at *3 (N.D. Cal. Apr. 10, 2025) (granting Plaintiffs' expedited discovery that requested three personal-capacity depositions, one Rule 30(b)(6) deposition, interrogatories, and requests for production).

**IV.    The City fails to demonstrate good cause for its own requested discovery.**

Finally, in what appears to be a tit-for-tat argument, the City avers that if the Court allows the Plaintiffs to seek discovery, then it too wishes to send document requests to the

Plaintiffs and take their depositions. Resp. in Opp. 8. But the City does not explain how its own discovery requests meet the good cause standard for such expedited discovery. Rather, the City simply identifies factual issues that it suddenly, and for the first time, claims it might want to develop. *See id*. Contrary to what is occurring behind closed doors at City Hall, nothing on the Plaintiffs' end has changed. The City was satisfied to not seek discovery from the Plaintiffs until it learned that the Plaintiffs would seek to inquire about its rules change. As the City acknowledges, expedited discovery must serve a distinct purpose. For the Plaintiffs, that purpose is to learn more about the Ordinance's rules that are changing, how they will differ from the City's current rules, and how and why these changes occurred now. It is unclear why the City avers that it requires unidentified requests for production of documents to the Plaintiffs, a deposition of Mr. Brace, and a 30(b)(6) deposition of St. Herman's Table.

### CONCLUSION

The City has said it will attempt to moot the Plaintiff's claims in this case by changing the facts surrounding its unconstitutional Ordinance. Therefore, good cause exists for, and the interests of justice are furthered by, allowing the Plaintiffs to propound discovery requests to learn how, why, and to what extent those rule changes will affect the Plaintiffs' claims in this case. Should the Court believe that the City may need additional time to respond to the Plaintiffs' discovery requests before the close of briefing on the consolidated Motion for a Preliminary Injunction, the Plaintiffs do not object to the Court altering the current briefing

schedule to allow for such but respectfully request that the Court order that the Temporary Restraining Order remain in effect.

**DATED:** this 8th day of July 2026.

PROVIDENT LAW®

Christopher J. Charles, Esq.

*Ann-Marie White René*

Ann-Marie White René, Esq.
*Pro Hac Vice\**
Virginia Bar License No. 91166

**Certificate of Service**

I certify that on July 8, 2026, I filed this document via the Court's CM/ECF filing system which will serve the following individuals via electronic mail:

Jean-Jacques Cabou
Perkins Coie
2525 E. Camelback Road Suite 500
Phoenix, AZ 85016-4227
602.351.8003
jcabou@perkinscoie.com

Margo Casselman
Perkins Coie
2525 E. Camelback Road Suite 500
Phoenix, AZ 85016-4227
602.351.8159
MCasselman@perkinscoie.com

9

*Ann-Marie White René*

_____
Ann-Marie White René, Esq.
*Pro Hac Vice*

