# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

St. Herman's Table, et al.,

Plaintiffs,

v.

City of Phoenix, et al.,

Defendant.

No. CV-26-03882-PHX-KML

**ORDER**

On June 16, 2026, this court consolidated a forthcoming preliminary injunction motion with a trial on the merits in this case between defendant City of Phoenix ("Phoenix") and plaintiffs St. Herman's Table and its founder, Lance Brace. (Doc. 20.) The same order extended a temporary restraining order preventing Phoenix from enforcing its ordinance—which constrains plaintiffs' food distribution activities—until the court rules on the consolidated motion, and allowed time for Phoenix to amend the ordinance's implementation rules. (Doc. 20 at 2-3.) The briefing schedule permits both parties to exceed the usual page limits and include supplemental evidence in their pleadings. (Doc. 20 at 3.) That order was based largely on the parties' joint motion, in which plaintiffs agreed "only legal questions are at issue and that the record is more than sufficient" for the court to rule on the merits, though they requested a more expedited briefing schedule than the one the court ordered. (Doc. 19 at 2.)

The day after the order issued, plaintiffs filed a motion for expedited discovery which argued they had agreed no further factual development was necessary *only* if

Phoenix was not permitted to amend its rules before the court heard the motion. (Doc. 21 at 4.) But plaintiffs request discovery that extends far beyond the amended implementation rules. (*See, e.g.,* Docs. 21-1 at 3 (seeking "all" documents that discuss Phoenix's purpose for the ordinance); 21 at 3 (seeking depositions for "any" person associated with documents that may support plaintiffs' "existing or additional causes of action").) Their motion does not contemplate bilateral discovery.

A party seeking expedited discovery must show good cause. *J.P. Morgan Sec. LLC v. Chamberlain*, No. CV-22-01217-PHX-DWL, 2022 WL 4094151, at *2 (D. Ariz. Sept. 7, 2022). Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* (simplified); *see also UMG Recordings, Inc. v. Doe*, No. C 08-1193 SBA, 2008 WL 4104214, at *4 (N.D. Cal. Sept. 3, 2008) (collecting cases employing good-cause standard). Relevant considerations may include whether a preliminary-injunction motion is pending, the breadth of the requested discovery, the purpose of the discovery, the burden on the responding party, and how far in advance of ordinary discovery the request is made. *J.P. Morgan*, 2022 WL 4094151, at *2.

Here, no preliminary injunction motion is pending, the breadth of discovery extends to issues plaintiffs previously agreed are purely legal (Doc. 19 at 2), the purpose of discovery appears motivated by Phoenix's intention to amend the implementation rules (*see* Doc. 21 at 2-3), and the requests appear overbroad such that Phoenix would be heavily burdened (Doc. 21-1 at 4 (requesting "all" documents "that discuss or mention the Ordinance as it pertains to food distribution); *see* Doc. 27 at 6-7 (claiming undue burden)). That is sufficient to deny this motion.

However, because Phoenix may have amended its implementing rules, the court is inclined to grant limited bilateral discovery of a narrower scope. The current consolidated briefing schedule would not allow sufficient time for that discovery, and both parties have indicated openness to amending the schedule to permit it. (Docs. 27 at 9; 28 at 9.) The parties must therefore submit a joint statement explaining their positions on limited

discovery, the scope of discovery, and a proposed amended briefing schedule that identifies deadlines for (1) the consolidated preliminary injunction motion, (2) response, and (3) reply, (4) the deadline for a response to the complaint, and (5) the joint statement regarding whether an evidentiary hearing is needed.

Accordingly,

**IT IS ORDERED** the Motion for Expedited Discovery (Doc. 21) is **DENIED**. The parties should submit a joint statement addressing possible limited discovery by July 16, 2026.

Dated this 13th day of July, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -