**PERKINS COIE LLP**
Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
JCabou@perkinscoie.com
MCasselman@perkinscoie.com
DocketPHX@perkinscoie.com

Jonathan P. Hawley (WA#56297)*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
JHawley@perkinscoie.com
*Admitted Pro Hac Vice

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| St. Herman's Table et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>City of Phoenix,<br><br>    Defendant. | No. CV-26-03882-PHX-KML<br><br>**JOINT STATEMENT ADDRESSING LIMITED DISCOVERY** |

Pursuant to the Court's order denying Plaintiffs' Motion for Expedited Discovery, the parties "submit a joint statement addressing possible limited discovery." Dkt. 29 at 3. The parties have been unable to agree on the appropriate scope of limited discovery and explain their respective positions below. This disagreement notwithstanding, the parties agree on a proposed schedule to facilitate limited discovery. Specifically, the parties agree that forty-five days are needed to complete discovery, with the following revised deadlines:

| Deadline | Date |
|---|---|
| Plaintiffs' Consolidated Preliminary-Injunction Motion | September 8, 2026 |
| Defendant's Preliminary-Injunction Response and Response to Complaint | September 22, 2026 |
| Plaintiffs' Preliminary-Injunction Reply | September 29, 2026 |
| Joint Statement Regarding Evidentiary Hearing | October 2, 2026 |

## PLAINTIFFS' POSITION

On July 10, 2026, the City issued amended rules relevant to the Ordinance at issue in this case.[1]  In those amended rules, the City has, for the first time, exempted from enforcement of the Ordinance "outreach" and "education" "activities".  The amended rules do not explain what is meant by these terms.  Discovery is necessary to determine how these terms were formulated, whether the Plaintiffs influenced these changes, how the terms apply to the Plaintiffs versus other individuals and organizations, and how the terms are to be interpreted in light of the Ordinance's own text.  For example, when is a "food distribution event" as that term is defined in the Ordinance not an "outreach

---

[1] *See* CITY OF PHOENIX, Rules and Procedures for Issuance of Medical Treatment and Food Distribution Park Services Permit, *available at* https://www.phoenix.gov/content/dam/phoenix/parkssite/documents/Rules%20and%20Procedures%20for%20Issuance%20of%20Medical%20Treatment%20and%20Food%20Distribution%20Parks%20Services%20Permits_Signed.pdf (last visited July 16, 2026).

activity" as those terms are used, but undefined, in the amended rules?  Can a single event be considered both a "food distribution event" and an "outreach activity"?  And if so, to what extent does the Ordinance apply?

Pursuant to the Court's July 13th Order, the Plaintiffs have offered the City of Phoenix ("the City") bilateral discovery.  As requested by the City in their briefing to the Court (Doc. No. 27, at 7), the Plaintiffs have offered a deposition of Mr. Brace and a Rule 30(b)(6) deposition of St. Herman's Table, and for the City to propound requests for production of documents to the Plaintiffs.

In addition, the Plaintiffs have substantially narrowed their discovery requested of the City.  The Plaintiffs are requesting a single deposition of the City's Parks and Recreation Director, Mr. Whitfield, who signed the amended rules and will be enforcing them.  The Plaintiffs also request that they be allowed to propound a Request for Production of Documents to Mr. Whitfield and the Members of the Phoenix City Council for documents taking back to only May 2, 2026—the date upon which the Plaintiffs sent their letter to the City informing it of their objections to the Ordinance—for the following terms: "Ordinance"; "Food distribution"; "Lance"; "Brace"; and "Herman's" (and "Hermans").  The Plaintiffs have explained to the City that in the unlikely scenario that this limited search produces over one-thousand documents, then the Plaintiffs would be willing to further narrow the search to lessen the review and production of responsive documents.

The Plaintiffs' discovery requests are necessary as the undefined terms in the Ordinance and amended rules grant considerable discretion to Mr. Whitfield, discretion which the Supreme Court has said triggers strict scrutiny under any Free Exercise claim, and which is central to the Plaintiffs' prior restraint and void for vagueness challenges. Further, in her Declaration to the Court, City Councilmember Debra Stark averred that she is aware of Mr. Brace and St. Herman's Table.  Doc. No.13-1 ¶ 5.  Councilmember

Stark may have communicated with other City Council members about the need to amend the Ordinance's rules because of Mr. Brace, St. Herman's, or this lawsuit after being informed of their letter on May 2nd. If the amended rules were promulgated at her request or because of Mr. Brace, St. Herman's, or this lawsuit, that goes directly to mootness under Ninth Circuit jurisprudence. *Rosebrock v. Mathis*, 745 F.3d 963, 972 (9th Cir. 2014) (alterations in original) (explaining that one of the factors for a court to consider when addressing mootness is whether "th[e] case [in question] was the catalyst for the agency's adoption of the new policy.").

For these reasons, the Plaintiffs are open to bilateral discovery and respectfully request that the Court allow them to take the deposition of Mr. Whitfield and to propound a Request for Production of Documents for Mr. Whitfield and the Council Members' emails/documents dating back to May 2, 2026, as limited by the terms identified herein.

<b>DEFENDANT'S POSITION</b>

The Court found the facts here "sufficient to deny" Plaintiffs' Motion for Expedited Discovery. Dkt. 29 at 2. It "grant[ed] *limited* bilateral discovery of a narrower scope" to address *only* the City's decision to "amend[] its implementing rules." *Id.* (emphasis added). Any limited discovery should therefore hew to these limited parameters, which is why the City has proposed to search the emails of Interim Parks and Recreation Director Martin Whitfield (the "Director") for materials addressing the Ordinance's amended rules during the time period beginning June 5, 2026 (the date the Ordinance went into effect).

Plaintiffs' requests outlined above go beyond the limited scope contemplated by the Court and should be rejected on that basis alone. But the City will briefly address additional considerations militating against their requested discovery.

**Changes Prompted by Plaintiffs.** Plaintiffs have maintained that changes to the implementing rules prompted by this lawsuit are relevant to the merits of their claims and any mootness defense offered by the City. That claim is, among other things, unintuitive.

-3-

For instance, if the City made changes to the rules that addressed Plaintiffs' concerns, then that would serve only to undermine the viability of their claims. More importantly, though, any amendment of the rules prompted either by this lawsuit or by Plaintiffs more generally would be captured by the City's proposal to search the Director's emails.

**City Council.** Searching the email addresses of City Council members would not be appropriate. In addition to implicating various burdensome privilege issues, any such discovery would be duplicative, tangential, or both. Here again, changes to the Ordinance rules prompted or requested by the City Council (if any) would be reflected in the Director's emails.

**Depositions.** Depositions are unnecessary here. What matters to the success of Plaintiffs' claims is what the amended rules say—and that, of course, can be determined on their face. The amended rules employ objective criteria and do not give the Director or anyone else discretion to award food-sharing permits to some applicants but not others. Absent such a provision, Plaintiffs cannot justify any exploration of the Director's subjective views. (Plaintiffs have suggested the Director's opinions are relevant because some terms in the amended rules are not defined, but that implicates whether a permit is *needed*—not how the Director awards them.) Put differently, because the amended rules do not allow discretionary or arbitrary permitting decisions by the Director, his subjective views are not relevant, and there is thus no need for a deposition.[2]

---

[2] Consistent with the Court's directive that any discovery be "bilateral," Dkt. 29 at 2, the City renews its request to depose Mr. Brace if Plaintiffs are allowed to depose the Director, *see* Dkt. 27 at 7–8 (explaining relevance of topics to be addressed in deposition of Mr. Brace).

-4-

Dated:  July 16, 2026

**PERKINS COIE LLP**

By: */s/ Jean-Jacques Cabou*
    Jean-Jacques Cabou (#022835)
    Margo R. Casselman (#034963)
    2525 E. Camelback Road, Suite 500
    Phoenix, Arizona 85016-4227
    JCabou@perkinscoie.com
    MCasselman@perkinscoie.com

    Jonathan P. Hawley (WA#56297)*
    1301 Second Avenue, Suite 4200
    Seattle, Washington 98101-3804
    JHawley@perkinscoie.com
    *Admitted Pro Hac Vice

*Attorneys for Defendant*

**PROVIDENT LAW®**

Christopher J. Charles, SBN 023148
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For E-Service and Court Use Only:
fileclerk@providentlawyers.com

*Ann-Marie White René*

_____
Ann-Marie White René, Esq.
*Pro Hac Vice\**
Virginia Bar License No. 91166
Center for Law & Religious Freedom
8001 Braddock Road, Ste 302
Springfield, VA 22151
Office: 703-642-1070, Ext: 404
Email: Arene@clsnet.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

*s/ Indy LaFever*