**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| St. Herman's Table, et al., | No. CV-26-03882-PHX-KML |
| Plaintiffs, | |
| v. | **ORDER** |
| City of Phoenix, et al., | |
| Defendant. | |

On June 16, 2026, this court consolidated a forthcoming preliminary injunction motion with a trial on the merits in this case between defendant City of Phoenix ("Phoenix") and plaintiffs St. Herman's Table and its founder, Lance Brace. (Doc. 20.) The same order extended a temporary restraining order preventing Phoenix from enforcing its ordinance—which constrains plaintiffs' food distribution activities—until the court rules on the consolidated motion. (Doc. 20 at 2-3.) It also allowed time for Phoenix to amend the ordinance's implementation rules, which Phoenix did on July 10, 2026. (Doc. 30 at 2.) Plaintiffs filed a motion for expedited discovery, which this court denied in large part because of its overbreadth. (Doc. 29 at 2.) However, the court indicated it may grant limited bilateral discovery regarding Phoenix's amended implementation rules and ordered the parties to submit a joint statement explaining their positions on discovery and a proposed schedule to permit that discovery. (Doc. 29 at 2-3.)

The parties submitted a joint statement which agrees on a briefing schedule but disagrees as to the scope of discovery. (Doc. 30 at 2, 4.) Plaintiffs wish to propound a request for production of documents to Phoenix Parks and Recreation Director Martin Whitfield and members of the Phoenix City Council for documents dated from May 2,

2026 (the date plaintiffs sent a letter objecting to the then-prospective ordinance) until the present, with the following search terms: "ordinance," "food distribution," "Lance," "Brace," "Herman's," and "Hermans." (Doc. 30 at 3.) Phoenix avows any relevant City Council information related to the rule change will be reflected in Whitfield's responses (Doc. 30 at 5), so the court will permit plaintiffs' request but as to Whitfield only.

Plaintiffs also request a single deposition of Phoenix's Parks and Recreation Director, "who signed the amended rules and will be enforcing them." (Doc. 30 at 2.) That single deposition is granted; the request is limited and may shed light on why the rules were changed and how Phoenix intends to interpret them. As plaintiffs agree (Doc. 30 at 3), Phoenix may depose Brace as well as St. Herman's Table via a 30(b)(6) deposition. Phoenix has not indicated it intends to propound any requests for production of documents.

The court adopts the parties' proposed schedule, as follows.

| Pleading | Deadline |
| --- | --- |
| Plaintiffs' Consolidated Preliminary-Injunction Motion | September 8, 2026 |
| Defendant's Preliminary-Injunction Response and Response to Complaint | September 22, 2026 |
| Plaintiffs' Preliminary-Injunction Reply | September 29, 2026 |
| Joint Statement Regarding Evidentiary Hearing | October 2, 2026 |

(Doc. 30 at 2.)

/
/
/
/
/
/

- 2 -

Accordingly,

**IT IS ORDERED** the parties' briefing schedule (Doc. 30 at 2) is adopted. Plaintiffs may propound a request for production of documents to Martin Whitfield and schedule a deposition for him. Phoenix may schedule depositions for Lance Brace and/or St. Herman's Table.

Dated this 20th day of July, 2026.

_____
**Honorable Krissa M. Lanham**
**United States District Judge**

- 3 -