PROVIDENT LAW

Christopher J. Charles, SBN 023148
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For E-Service and Court Use Only: fileclerk@providentlawyers.com

Ann-Marie White René*
Virginia Bar License No. 91166
Center for Law & Religious Freedom
8001 Braddock Road, Ste 302
Springfield, VA 22151
Office: 703-642-1070, Ext: 404
Email: Arene@clsnet.org
**Pro Hac Vice*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| St. Herman's Table, an Arizona nonprofit corporation; and Lance Brace,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix,<br><br>Defendants. | Case No. 2:26-cv-03882<br><br>**STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT AND FOR PERMANENT INJUNCTIVE AND DECLARATORY RELIEF AND MEMORANDUM IN SUPPORT THEREOF** |

Pursuant to this Court's Local Rule 56.1, Plaintiffs cite the following material facts on which they rely in their Memorandum in Support of their Motion for Judgment and for

PROVIDENT LAW

PROVIDENT LAW

Permanent Injunctive and Declaratory Relief. Plaintiffs provide this Statement of Materials Facts as to the undisputed evidence in this case upon which the Court may grant the Plaintiffs' judgment as a matter of law.

## STATEMENT OF MATERIAL FACTS

1. The City of Phoenix passed its *Medical Treatment and Food Distribution in Parks Ordinance*, No. G-7514 ("the Ordinance") on May 6, 2026. The Ordinance was previously filed with the Court and can be found on the Docket at No. 1-4.
2. The Ordinance defines a "food distribution event" as "a gathering conducted by a private individual or organization, for charitable or similar humanitarian purposes, at a park, that is planned, organized, or conducted to distribute food to any member of the general public at no cost or for a nominal charge." Ex. 1.[1]
3. The Ordinance requires any person or organization with a charitable or other humanitarian purpose desiring to distribute food at a park to the general public at no cost or for nominal cost to apply first for a Park Services Permit ("Permit"). Ex. 1; Ex. 5 (Ex. 3 to Whitfield Dep.).
4. Failure to obtain a Permit for a "food distribution event" is a Class 1 Misdemeanor. Ex. 1.
5. The Ordinance exempts from the Permit requirement "private" events such as "family gatherings", "picnics", "social organization events", "sporting events", "weddings",

[1] The exhibits cited herein are those listed in the Plaintiffs' Motion for Judgment and for Permanent Injunctive and Declaratory Relief.

"reunions", "informal gatherings of family or family friends", and gatherings and events "that are not open to the general public." Ex. 1.

6. The Ordinance limits Permits to two per month per eligible park cumulatively for both food distribution event(s) and medical services. Ex. 1.
7. The Rules and Procedures governing the implementation of the Ordinance by City officials were amended effective July 10, 2026 ("Amended Rules"). Ex. 5 (Whitfield Dep. Ex. 3).
8. The Amended Rules, just like the Ordinance, define a "food distribution event" as "a gathering conducted by a private individual or organization, for charitable or similar humanitarian purposes, at a park, that is planned, organized, or conducted to distribute food to any member of the general public at no cost or for a nominal charge." Ex. 5 (Whitfield Dep. Ex. 3).
9. The Amended Rules, just like the Ordinance, exempt from the Permit requirement "private" events. Ex. 5 (Whitfield Dep. Ex. 3).
10. The Amended Rules limit Permits to three hours, for which one hour is to be used in two 30-minute increments for set-up and clean-up. Ex. 5 (Whitfield Dep. Ex. 3).
11. The Amended Rules state that Permits are to be awarded on a "first-come, first-served" basis. Ex. 5 (Whitfield Dep. Ex. 3).

PROVIDENT LAW

12. The Director of the Parks and Recreation Department awarded a food distribution Permit to an organization called "Divas of Da Desert" to last six hours. Ex. 9 (René Decl., Ex. 3); Ex. 8 (Whitfield Dep. Ex. 14).

13. The Director of the Parks and Recreation Department violated the City's "first-come, first-served" policy when the Department denied an organization called "Billy's Way Home" a Permit for an event at a park, giving the Permit to another applicant, even though the former applied first. Ex. 9 (René Decl., Ex. 1); Ex. 7 (Whitfield Dep. Ex. 11); (Whitfield Dep. 85:10-90:23).

14. The Director of the Parks and Recreation Department interprets the Ordinance and Amended Rules as requiring a Permit be obtained by any organization or individual planning a food distribution event in a City Park if the public are invited, regardless of an organization's "charitable" or "humanitarian" purpose. Ex. 4 (Whitfield Dep. 30:17-23).

15. The Director of the Parks and Recreation Department did not require a Permit for a food distribution event open to the public on June 20, 2026 held by the Norton Vista Neighborhood Association, a nongovernmental association supported by Councilwoman Debra Stark. Ex. 3 (Brace Suppl. Decl. ¶¶ 22-29 and Exs. D, E, F, G).

16. On July 17, 2026, the City stopped three religious individuals lacking a Permit under the Ordinance from continuing to hand out food to people in a park. Ex. 9 (René Decl., Ex. 2).

PROVIDENT LAW

17. The City Parks Director and the Department's employees consider on a case-by-case "fact-intensive" basis whether an individual or organization is distributing food to the "public" to determine whether an individual or organization must get a Park Services Permit. Ex. 4 (Whitfield Dep. 131:3-7.)

18. The City has no written criteria by which to determine what is a "public" food distribution requiring a Permit, and the Parks Director can think of none other than "are you hosting a birthday party" and "did you send out invites". *See* Ex. 4. (Whitfield Dep. 48:10-14; 132:3-20).

19. If the purpose of a meal at a City Park is a birthday party or wedding reception, Director Whitfield will exempt an individual or organization from the permitting scheme. Ex. 4 (Whitfield Dep. 127:12-22).

20. In addition to the limitation on the number of permits (two per month per park) for both food distribution events and for park medical treatment, permittees must submit to pre- and post-event inspections by Park and Recreation employees. Ex. 10 (Chard Decl. ¶¶ 12-14).

21. The City will not exempt the Plaintiffs from the Permit requirement and its cap on frequency of events because they provide food to the homeless, including those they may not already have befriended at a previous meal. The Director of the Parks and Recreation Department considers the Plaintiffs' religious ministry as "public" and subject to the Ordinance's permitting scheme. Ex. 4 (Whitfield Dep. 128:9-20).



PROVIDENT LAW

22. St. Herman's Table is a weekly religious ministry. The Plaintiffs have fed the homeless at Cave Creek Park at Cactus without charge every Thursday evening for the past year. *See generally* Ex. 2 (Brace Decl.); Ex. 3 (Brace Supp. Decl. ¶ 13).

23. If this Court lifts its restraining order, the City will require Plaintiffs to apply and compete for Permits, which are limited to two food distribution events a month for Cave Creek Park at Cactus. Ex. 4 (Whitfield Dep. 128:9-20; 129:20-130:6).

24. Plaintiffs engage in feeding and ministering to whomever comes to their tables at Cave Creek Park at Cactus every Thursday because of their sincere religious belief that this is their religious obligation of almsgiving and that the Holy Spirit has called them to that park. *See generally* Ex. 2 (Brace Decl.); Ex. 3 (Brace Supp. Decl. ¶¶ 18-20).

25. Plaintiffs conduct their meals ministry on Thursday evening at Cave Creek Park at Cactus as a sacred act, out of religious obedience, as a tenet of their faith, and to convey the message to any who comes that Jesus loves, knows them, and dignifies them. *See generally* Ex. 2 (Brace Decl.); Ex. 3 (Brace Supp Decl. ¶¶ 6-9.)

26. Along with food, Plaintiffs offer Bibles, icons, invitations to church and other religious literature, and Plaintiffs eat with, listen to, and offer to pray with their guests. *See generally* Ex. 2 (Brace Decl.); Ex. 3 (Brace Supp Decl. ¶¶ 10-12 and Exs. A, B.)

27. The Plaintiffs display religious banners, clothing, icons, and crosses to convey their message. The Plaintiffs open with group prayer in the park every week before distributing any food and they share in eating the meal that they distributed with the homeless to



PROVIDENT LAW

express God's love, to do as Christ commanded, and to signify that their dignity is equal under God. *See generally* Ex. 2 (Brace Decl.); Ex. 3 (Brace Supp. Decl. ¶ 8); Ex. 3 (Brace Supp Decl. ¶¶ 10-12 and Exs. A, B.)

28. The Plaintiffs will continue to feed the homeless and provide religious nurture at Cave Creek Park at Cactus until the Holy Spirit directs elsewhere, and regardless of any outcome of this case. Ex. 3 (Brace Supp Decl. ¶ 20.)

**DATED:** this 8th day of September 2026.

**PROVIDENT LAW®**

Christopher J. Charles, Esq.

Ann-Marie White René

Ann-Marie White René, Esq.
*Pro Hac Vice**
Virginia Bar License No. 91166

Steven T McFarland, Esq.
*Pro Hac Vice**
Washington Bar License No. 11111

PROVIDENT LAW

PROVIDENT LAW

**Certificate of Service**

I certify that on September 8, 2026, I filed this document via the Court's CM/ECF filing system which will serve Defendant's counsel of record.

Ann-Marie White René

______________________
Ann-Marie White René, Esq.