**ASHURST PERKINS COIE US LLP**
Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
Telephone: +1.602.351.8000
J.Cabou@ashurstperkins.com
Margo.Casselman@ashurstperkins.com
DocketPHX@perkinscoie.com

Jonathan P. Hawley (WA#56297)*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Jonathan.Hawley@ashurstperkins.com
*Admitted Pro Hac Vice

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| St. Herman's Table et al.,<br><br>Plaintiffs,<br><br>v.<br><br>City of Phoenix,<br><br>Defendant. | No. CV-26-03882-PHX-KML<br><br>**JOINT STATEMENT REGARDING EVIDENTIARY HEARING** |

Pursuant to the Court's order setting a schedule for this case (Doc. 32 at 2), the parties submit this joint statement addressing whether an evidentiary hearing is needed to resolve Plaintiffs' pending Motion (Doc. 33), which is now fully briefed (Docs. 37, 38). The parties have met and conferred regarding the need for an evidentiary hearing and whether any factual or evidentiary stipulations might obviate the need for such a hearing. *See* Doc. 32 at 2; Doc. 30 at 2; Doc. 19 at 6.

As reflected in the stipulation attached to this Joint Statement as Exhibit A, the parties have no objection to the Court considering the declarations, deposition transcripts, and exhibits submitted by all parties in connection with their briefing in this case. Based on that stipulation, the parties further agree that there is no need for an evidentiary hearing and the Court may resolve the Motion on the existing factual record.[1] The parties disagree, however, as to the need for oral argument and therefore set out their respective positions below.

**Plaintiffs' Position:** Plaintiffs understand the Court's June 16 and July 20 Orders (Docs. 20, 32) as requiring the Parties to meet-and-confer about the appropriateness of "an evidentiary hearing" only. Plaintiffs do not read the Court's Orders as inquiring about the parties' positions about oral argument. If either party wished to request oral argument, it was required to do so "by placing 'Oral Argument Requested' immediately below the title of a motion or the response to a motion." L. R. Civ. P. 7.2(f). Neither party did so in this case. (*See* Docs. 33, 37.) Plaintiffs aver that oral argument is not necessary as the

---

[1] At the time of Plaintiffs' additions to this joint statement, the Plaintiffs are awaiting a privilege log from the Defendant in regard to Plaintiffs' Request for Production of Documents that was issued to Mr. Martin Whitfield in this action. *See* Doc. 32. Because Plaintiffs have been unable to receive and review the log prior to submission of this statement, they must respectfully preserve their ability to challenge any potentially inappropriate designations under the forthcoming log. Accordingly, although Plaintiffs aver that the existing record is sufficient for the Court to rule, Plaintiffs reserve the right to challenge the privilege log, and to seek to supplement the record with any documents potentially deemed inappropriately designated and withheld as privileged.

Parties' legal arguments have been fully briefed twice, both before and after limited discovery. "It is well settled that there is no constitutional due process right to oral argument." *Sovereign Gen. Ins. Servs., Inc. v. Nat'l Casualty Co.*, 359 F. App'x 705, 707 (9th Cir. 2009). "Ninth Circuit panels and Ninth Circuit district courts have repeatedly rejected claims that [a party] had a due process right to deliver oral argument or otherwise be heard at an in-court hearing, concluding that the opportunity to submit briefs constituted the requisite 'opportunity to be heard.'" *Rector v. New York Bank of Mellon*, 2014 U.S. Dist. LEXIS 206341, *11-12 (2014) (collecting cases). Plaintiffs do not see the necessity of any further argument but defer to the Court as to whether oral argument would be helpful in this matter. *See* Fed. R. Civ. P. 78(b). Should the Court deem oral argument necessary, however, Plaintiffs respectfully request that the Court allow such argument to be conducted via electronic means.

**Defendant's Position:** Defendant the City of Phoenix requests an opportunity to be heard before the Court resolves Plaintiffs' Motion. The Motion before the Court is Plaintiffs' motion seeking injunctive relief on all remaining claims in this case, and the Court has previously ordered that the hearing on that Motion will be consolidated with the trial on the merits under Federal Rule of Civil Procedure 65(a). Doc. 20. As a result, the Court's resolution of the pending Motion will resolve the merits of this entire case and result in final judgment. The Court therefore ordered the parties, after briefing the Motion, to meet and confer "as to whether they believe an *evidentiary hearing* is needed and why." Doc. 20 at 3 (emphasis added). The parties have now done so and agree no evidentiary hearing is needed, consistent with this Court's observation that this case involves mostly "legal questions" rather than factual ones. Doc. 18 at 9. But the City's understanding was that a *non*-evidentiary hearing where it could present legal argument, including argument about the weight and significance of the parties' written evidentiary submissions, prior to the entry of final judgment was *presumed*. Indeed, a contrary result—i.e., that the City

could potentially be *permanently* enjoined from enforcing its duly enacted law without ever having a single opportunity to be heard—would prejudice the City and pose due process concerns under the circumstances here. The City respectfully requests that the Court set a non-evidentiary hearing before resolving the Motion and merits.

The City also notes that Plaintiffs' Reply in support of their Motion suggested that the City might be permitted to file a sur-reply. Doc. 38 at 15. Assuming the Court sets oral argument, the City does not believe the Reply warrants a sur-reply and will instead address new issues during that argument. The City respectfully proposes the week of November 16, 2026, for oral argument, should the Court's calendar permit.

Dated: October 2, 2026

**ASHURST PERKINS COIE US LLP**

By: /s/ Margo R. Casselman

Jean-Jacques Cabou (#022835)
Margo R. Casselman (#034963)
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4227
J.Cabou@ashurstperkins.com
Margo.Casselman@ashurstperkins.com

Jonathan P. Hawley (WA#56297)*
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Jonathan.Hawley@ashurstperkins.com
*Admitted Pro Hac Vice

*Attorneys for Defendant*

**PROVIDENT LAW®**



Christopher J. Charles, Esq.

*Ann-Marie White René*

Ann-Marie White René, Esq.
*Pro Hac Vice**
Virginia State Bar No. 91166

Steven T McFarland, Esq.
*Pro Hac Vice**
Washington Bar License No. 11111

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2026, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing.

*/s/ Indy LaFever*

# Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

St. Herman's Table et al.,

Plaintiffs,

v.

City of Phoenix,

Defendant.

No. CV-26-03882-PHX-KML

**STIPULATION REGARDING CONSIDERATION OF EVIDENCE IN CONNECTION WITH PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF AND RELATED BRIEFING (DOCS. 33, 37, 38)**

The parties, through their undersigned counsel, stipulate and agree that, in ruling on Plaintiffs' pending Motion for Judgment and for Permanent Injunctive and Declaratory Relief (Doc. 33) (the "Motion"), the Court may consider all of the deposition transcripts, declarations, and exhibits that any party has previously filed with the Court as of this date (the "Evidence").

The parties further stipulate that the Evidence is authentic and admissible for purposes of the Court's resolution of the Motion.

This Stipulation does not constitute an agreement that any statement in the Evidence is true or that any fact has been established. The Court retains full authority to determine the weight and probative value of the Evidence.